ATTORNEY FOR APPELLANT
Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

Andrew Kobe
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

Jan 25 2017, 11:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 14S05-1701-CR-37

ANTHONY J. WAMPLER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Daviess Superior Court, No. 14D01-1407-FB-714
The Honorable Dean A. Sobecki, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 14A05-1510-CR-1606

**January 25, 2017**

**Per Curiam.**

Defendant Anthony Wampler has a history of psychiatric problems and hospitalizations dating back to approximately 1981, when he was in his teens. App. 117-19, 133-34. Over the course of many years, Wampler became obsessed with his former elementary schoolmate, K.S. In the spring of 2014, Wampler made unusual attempts to interact with K.S., such as leaving notes for K.S. and sitting outside K.S.'s house. In the early morning hours of June 29 or 30, 2014,

Wampler removed the window screen in K.S.'s laundry room and entered K.S.'s house. He watched K.S. sleep, took a beer and a photocopied Nelson Mandela quote from K.S.'s refrigerator, and left K.S. a note reading, "I love you. Sorry about the screen. There are too many as it is." State's Ex. 1. The next morning, K.S. found the note and the broken screen and reported the incident to the police. When questioned by police, Wampler explained his obsession by stating, "to me, you know, you look up male beauty and there's [K.S.] . . . he's just like a portrait in the flesh." State's Ex. 4, p. 29.

Wampler initially was found incompetent to stand trial, received treatment, and was later found competent. After a bench trial, Wampler was convicted of two counts of Class B felony burglary and was adjudicated a habitual offender. The trial court sentenced Wampler to concurrent eighteen-year terms on the burglary convictions, enhanced by fifteen years for the habitual offender adjudication, for an aggregate sentence of thirty-three years. Wampler appealed, contending his sentence was inappropriate under Indiana Appellate Rule 7(B). The Court of Appeals affirmed Wampler's sentence. Wampler v. State, 57 N.E.3d 884 (Ind. Ct. App. 2016), *reh'g denied.* Judge Mathias dissented, and would have granted Wampler sentencing relief. Id. at 887-92 (Mathias, J., dissenting). He noted, "[a]lthough Wampler challenges only the appropriateness of his sentence, the most important issue in this case is the clear failure, yet again, of our criminal justice system to adequately and properly respond to and treat those with mental health issues." Id. at 890.

Judge Mathias referred to what he characterizes as "the large and ironic lapse in the logic of our criminal justice system, in which the initial imperative is to determine the competency of defendants prospectively, to assist counsel at trial, not to promptly consider whether the defendant was competent at the time the crime was committed." Id. (internal quotation marks and citations omitted). He further opined,

> The real tragedy is that Wampler was not tried under the closest alternatives we have to humane treatment of the mentally ill: as insane at the time of the behavior charged or as someone who was guilty but mentally ill. Had Wampler been found not guilty by reason of insanity, temporary or permanent commitment proceedings would have been commenced immediately for the treatment Wampler needs, and he might never emerge from the mental health system. *See* Ind. Code § 35-36-2-4(a) (providing that if a defendant is found not guilty by reason of insanity, the prosecuting attorney is required to initiate commitment proceedings against the defendant). Had he been found guilty but mentally ill, at least Wampler would have qualified for mandatory evaluation and treatment "in such manner as is psychiatrically indicated for the defendant's mental illness." [I.C.] § 35-36-2-5(c). If found guilty but mentally ill, that treatment could also have been carried out by transfer to a state mental health facility. Id.

Id. at 891. We find our colleague's comments insightful.

Even where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *See* Ind. Const. art 7, §§ 4, 6; Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). Appellate courts implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence if "after due consideration of the trial court's decision" we find "the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Pursuant to our authority under Appellate Rule 7(B), and on the strength of Judge Mathias's dissent, we find that an aggregate sentence of thirty-three years is inappropriate. Accordingly, we grant transfer and revise Wampler's sentences to concurrent six-year terms on the burglary convictions, and ten years on the habitual offender adjudication, for an aggregate sentence of sixteen years. In all other respects we summarily affirm the Court of Appeals' decision. *See* Ind. Appellate Rule 58(A)(2). We remand this case to the trial court with instructions to enter a revised sentencing order consistent with this opinion.

All Justices concur.