

FILED

Apr 06 2017, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Anderson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 6, 2017 <br><br> Court of Appeals Case No. <br> 49A05-1609-CR-2081 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara Cook-Crawford, Judge <br> The Honorable Ronnie Huerta, Commissioner <br><br> Trial Court Cause No. <br> 49G09-1605-CM-16861 |

**Baker, Judge.**

[1] Donald Anderson appeals his conviction for Battery by Bodily Waste, a Class B Misdemeanor.[1] He argues that the evidence supporting his conviction is insufficient and that there is a material variance between the charging information and the evidence presented at trial. Finding no material variance and that the evidence is sufficient, we affirm.

## Facts

[2] On May 4, 2016, Anderson was using a computer at a branch of the Indianapolis Public Library. He began arguing with another patron, whom he accused of looking over his shoulder at his computer screen. Laura Johnson, a security officer at the branch, intervened and told Anderson that disputes should be handled through her. Johnson escorted Anderson out of the building. When they reached the door, another patron, Kishawna Hicks, was entering. As Anderson passed by Hicks, he spit in her face.

[3] On May 5, 2016, the State charged Anderson with battery by bodily waste, a class B misdemeanor. A bench trial was held on August 17, 2016. At the trial, there were some discrepancies regarding the name of the victim. Although the charging information correctly spelled Kishawna Hicks's name, Johnson referred to her as "Tashanna." Tr. p. 28. Anderson testified in his own defense, but repeatedly referred to the victim as "Ms. Ticks," despite reading the correctly-spelled name off of the charging information. *Id.* at 38. Anderson

---

[1] Ind. Code § 35-42-2-1(c)(2).

proffered a somewhat unique theory of self-defense: "So, when I was about to pass Ms. Ticks, she lifted up so quickly like so rapidly and like had the most wickedness smile on her face . . . like a jack-o-lantern smile . . . . I do admit the spitting or whatever, but . . . I would like to claim that as self-defense." *Id.* at 38-39. The trial court found Anderson guilty as charged and imposed a time-served sentence. Anderson now appeals.

## Discussion and Decision

[4] Anderson argues that there is insufficient evidence supporting his conviction. He contends that the State failed at trial to prove the identity of his victim and that there is a material variance of proof between the charging information and the testimony presented at trial.

[5] When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Harbert v. State*, 51 N.E.3d 267, 275 (Ind. Ct. App. 2016). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, to successfully claim a variance between the charging information and the evidence at trial, a defendant must show that he was misled in the preparation and maintenance of his defense or that he will be vulnerable to double jeopardy in a future criminal proceeding covering the same events, facts, and evidence. *Winn v. State*, 748 N.E.2d 352, 356 (Ind. 2001).

[6] To convict Anderson of class B misdemeanor battery by bodily waste, the State was required to prove beyond a reasonable doubt that Anderson knowingly or intentionally, in a rude, insolent, or angry manner, placed bodily fluid or waste on another person. I.C. § 35-42-2-1(c)(2). At trial, Anderson himself testified that he did exactly that, and his testimony was corroborated by the testimony of the library security officer. His argument that there is insufficient evidence fails.

[7] Nor was there a material variance between the charging information and the evidence presented at trial. Although Anderson testified that he spit at "Ms. Ticks," he was reading the name off of the charging information, which correctly identified the victim. The security officer misstated a single syllable of the victim's name. There is no indication that Anderson would or could have prepared a different defense had the officer said the victim's name correctly, nor is there any possibility that Anderson will be charged and convicted of spitting at a "Tishawna Ticks" in the future. Therefore, Anderson's argument regarding this minor discrepancy is unavailing.

[8] The judgment of the trial court is affirmed.

Pyle, J., concurs.
Mathias, J., concurs with a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Anderson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | Court of Appeals Case No.<br>49A05-1609-CR-2081 |

**Mathias, Judge, concurring.**

[9] I concur with the majority's conclusion that the evidence sufficient to support Anderson's conviction for Class B misdemeanor battery by bodily waste. However, I write separately to express my ongoing concern that Indiana's criminal justice system continues to turn a blind eye to individuals suffering from mental illness who would be better served by commitment to a mental health treatment facility instead of incarceration in a local jail or the Department of Correction.

There is a "large and ironic lapse in the logic of our criminal justice system," in which the "initial imperative is to determine the competency of defendants prospectively, to assist counsel at trial," not to promptly consider whether the defendant was competent at the time the crime was committed. *Habibzadah v. State*, 904 N.E.2d 367, 370-71 (Ind. Ct. App. 2009) (Mathias, J., concurring); *see also A.J. v. Logansport State Hosp.*, 956 N.E.2d 96, 117-18 (Ind. Ct. App. 2011) (Mathias, J., concurring); *Gross v. State*, 41 N.E.3d 1043, 1051-52 (Ind. Ct. App. 2015) (Mathias, J., concurring); *Robinson v. State*, 53 N.E.3d 1236, 1243-44 (Ind. Ct. App. 2016) (Mathias, J., concurring) (all citing my concurring opinion in *Habibzadah*).

"I continue to believe that our criminal procedure should permit a psychiatric examination of a defendant who likely suffers from serious mental illness very early after arrest to determine whether the defendant could have possibly had the requisite scienter or mens rea at the time of the crime." *Gross*, 42 N.E.3d at 1052 (Mathias, J., concurring). I repeat my mantra yet again:

> Our criminal justice system needs an earlier and intervening procedure to determine competency retroactively to the time of the alleged crime. Perhaps we as a society need to consider the concept of a defendant being unchargeable because of mental illness under Indiana Code section 35-41-3-6, and not just guilty but mentally ill under Indiana Code section 35-36-2-1, et seq. In either case, the commitment proceedings provided for in Indiana Code section 35-36-2-4 would both protect society and best care for the defendant involved.

> [I]t is time for the truly long-term, incompetent criminal defendant to have an earlier and intervening opportunity for a determination of his or her competency at the time of the crime alleged. Such a procedure convened soon after arrest, rather than years later when stale evidence and dim or non-existent memories are all that are left, or never, would best serve society and the defendant.

*Habibzadah*, 904 N.E.2d at 371 (Mathias, J., concurring). The Supreme Court recently acknowledged my concerns in *Wampler v. State*, 67 N.E.3d 633, 634-35 (2017).

[12] Based upon the record before us, I believe it is likely that Anderson was suffering from paranoia and/or schizophrenia at the time he committed his offense. Hoosiers would be better served if persons such as Anderson were provided with needed mental health treatment instead of being criminally charged and incarcerated, and this is especially so for a low-level offense such as a Class B Misdemeanor.