Mathias, Judge,
concurring.
I concur with the majority’s conclusion that the evidence is sufficient to support Anderson’s conviction for Class B misdemeanor battery by bodily waste. However, I write separately to express my ongoing concern that Indiana’s criminal justice system continues to turn a blind eye to individuals suffering from mental illness who would be better served by commitment to a mental health treatment facility instead of incarceration in a local jail or the Department of Correction.
There is a “large and ironic lapse in the logic of our criminal justice system,” in which the “initial imperative is to determine the competency of defendants prospectively, to assist counsel at trial,” not to promptly consider whether the defendant was competent at the time the crime was committed. Habibzadah v. State, 904 N.E.2d 367, 370-71 (Ind. Ct. App. 2009) (Mathias, J., concurring); see also A.J. v. Logansport State Hosp., 956 N.E.2d 96, 117-18 (Ind. Ct. App. 2011) (Mathias, J., concurring); Gross v. State, 41 N.E.3d 1043, 1051-52 (Ind. Ct. App. 2015) (Mathias, J., concurring); Robinson v. State, 53 N.E.3d 1236, 1243-44 (Ind. Ct. App. 2016) (Mathias, J., concurring) (all citing my concurring opinion in Habibzadah).
“I continue to believe that our criminal procedure should permit a psychiatric examination of a defendant who likely suffers from serious mental illness very early after arrest to determine whether the defendant could have possibly had the requisite scienter or mens rea at the time of the crime.” Gross, 41 N.E.3d at 1052 (Mathias, J., concurring). I repeat my mantra yet again:,
Our criminal justice system needs an earlier and intervening procedure to determine competency retroactively to the time of the alleged crime. Perhaps we as a society need to consider the concept of a defendant being unchargeable because of mental illness under Indiana Code section 35-41-3-6, and not just guilty but *1215 mentally ill under Indiana Code section 35-36-2-1, et seq. In either case, the commitment proceedings provided for in Indiana Code section 35-36-2-4 would both protect society and best care for the defendant involved.
[I]t is time for the truly long-term, incompetent criminal defendant to have an earlier and intervening opportunity for a determination of his or her competency at the time of the crime alleged. Such a procedure convened soon after arrest, rather than years later when stale evidence and dim or non-existent memories are all that are left, or never, would best serve society and the defendant.
Habibzadah, 904 N.E.2d at 371 (Mathias, J., concurring). The Supreme Court recently acknowledged my concerns in Wampler v. State, 67 N.E.3d 633, 634-35 (2017).
Based upon the record before us, I believe it is likely that Anderson was suffering from paranoia and/or schizophrenia at the time he committed his offense. Hoosiers would be better served if persons such as Anderson were provided with needed mental health treatment instead of being criminally charged and incarcerated, and this is especially so for a low-level offense such as a Class B Misdemeanor.