## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2019, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender Officer
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harry Truman Smith,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

May 20, 2019

Court of Appeals Case No.
18A-CR-2493

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge

Trial Court Cause No.
10C01-1510-F1-3

**Brown, Judge.**

[1] Harry Truman Smith appeals his sentence for two counts of child molesting. Smith raises three issues which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and his character. We reverse and remand.

## Facts and Procedural History

[2] "[A] couple [of] days" prior to October 7, 2015, Smith, born on November 2, 1948, wrestled with E.B., who was the daughter of his niece and seven years old, and he fondled her vagina with the intent to arouse or satisfy sexual desires. Appellant's Appendix Volume II at 9. On October 7, 2015, Smith again fondled E.B.'s vagina with the intent to arouse or satisfy sexual desires.

[3] On October 8, 2015, the State charged Smith with one count of child molesting as a level 1 felony and one count of child molesting as a level 4 felony. On August 10, 2016, two competency evaluation reports were submitted to the court. The first report, dated June 16, 2016, and signed by Dr. Mary L. Bouldin, indicates that Smith stated he had received a seventh grade education and that his ex-wife taught him how to read and write, that he "was in rehab for over a year after a severe motor vehicle accident with a traumatic brain injury, after he was in a coma for 21 days," and that he was able to read and write before the accident but could not read and write currently. *Id.* at 45. The report also states that "[d]ue to [Smith's] significant memory deficits he does not appear competent to stand trial or is . . . likely to be rendered competent." *Id.* at 47. The second report, dated July 5, 2016, and signed by Dr. Asad Ismail, indicates that Smith "at this point is not competent to stand trial" and, "because

of cognitive impairment and traumatic brain injury, he would not be able to defend himself or cooperate." *Id.* at 49. Following a competency hearing, the court found Smith temporarily unable to stand trial and sent Smith to the Logansport State Hospital for confinement for further evaluation and treatment. A comprehension to stand trial report, signed by licensed psychologist Robert E. Connell, indicates that Smith was prescribed Prozac for mood stability beginning on February 24, 2017, and was referred to legal education and other therapeutic programming.

[4] In April 2017, a letter from the Indiana Family and Social Services Administration addressed to the court states that Smith had "attained the ability to understand the proceedings and assist in the preparation of his defense," and he was transported to the Clark County Jail. *Id.* at 67. On August 10, 2017, he filed a Notice of Intent to Interpose an Insanity Defense, and following a status conference on September 7, 2017, the court appointed Drs. Bouldin and Ismail to examine and evaluate Smith. On December 6, 2017, Dr. Bouldin filed an evaluation, which indicates in part that:

> Although technically [Smith] does not appear to meet the insanity defense, his dementia diagnosis does appear mitigating in the ongoing legal proceedings against him. In particular, it would be relevant as to whether he had been charged with previous crimes of a similar nature prior to his development of dementia or the dementia may have led to impairment in judgement [sic] and impulse control that played a role in the current proceedings.

*Id.* at 98. On February 16, 2018, Dr. Ismail filed an evaluation, which indicates that, in his opinion, "considering his traumatic brain injury and dementia, [Smith] is not competent to stand trial. His dementia is definitely [a]ffecting his insight and also his ability to understand the ongoing legal proceedings against him." *Id.* at 143.

[5] On April 30, 2018, the parties filed a plea agreement, which states that Smith agreed to enter a plea of guilty to "Count 1: Am. Child Molest Level 4 fel." and "Count 2: Child Molest Level 4 fel." pursuant to "I.C. 35-42-4-3(b)." *Id.* at 162. The plea agreement also states "Blind plea sentence to court." *Id.* At a July 12, 2018 hearing, Smith pled guilty to two counts of child molesting as level 4 felonies, and the court advised him of his rights and took testimony regarding the agreement. Smith stated he was treated for "[b]rain injury" and answered affirmatively that he had "been treated for any mental illness or now suffered from any mental or emotional disability." Transcript Volume II at 19. He stated "Well, I'm going to try" when asked if he understood the process that was being undertaken, and the court indicated that, at any time Smith had a question, he could ask his attorney or ask the court after he consulted with his attorney. *Id.* The court asked whether Smith understood what aggravating and mitigating circumstances were and, when Smith indicated that he did not, it provided definitions. When the court asked if Smith had an opportunity to discuss the plea agreement with his lawyer, Smith stated first that he had not and then indicated "Oh, yeah, yeah" after his attorney stated "We just talked about it here." *Id.* at 22. After the court established a factual basis for the

charges, the State "move[d] to admit the Probable Cause Affidavit based on the factual basis," the court asked if there was any objection and Smith's counsel stated, "[n]o objection," and the court admitted the probable cause affidavit "in support of the factual basis." *Id.* at 25.

[6] At sentencing, the court discussed the presentence investigation report (the "PSI"), which states in part that the Probation Department recommended "Count I[,] Level 4 Felony: 8 years, 2 suspended[;] Count II[,] Level 4 Felony; 8 years, 2 suspended[;] Concurrent." Appellant's Appendix Volume II at 161. Smith answered affirmatively when his counsel asked him if he wanted to apologize to his niece and her daughter. When the court asked for argument, Smith's counsel stated in part that Smith's "mental faculties have failed and that, at one point, he was deemed to be incompetent and sent to the State Mental Health Hospital," which "certainly, played a major part, . . . in the crime"; that, "[t]hough it wasn't enough to raise to the level of insanity or something like that, it was evident that [Smith] was incompetent for a period of time"; and that "working with him, he's, you see that . . . he can't read, his mental education, he's not very well equipped to deal with the declining fact he's in his age." Transcript Volume II at 34. The Court found "that [E.B.] is under twelve (12) years old" as an aggravating factor and that Smith "has no history of delinquent or criminal activity and has led a law biding [sic] life for a substantial period for [sic] the commission of the crime" to be mitigating factors. *Id.* at 35. It sentenced Smith to eight years to the Indiana Department

of Correction with two years suspended to strict terms of probation on each count, and ordered the sentences to run consecutively. *Id.*

[7] Smith filed a motion to correct errors. Following a hearing, the court denied the motion.

## *Discussion*

[8] The issue is whether Smith's sentence is inappropriate in light of the nature of the offense and his character.[1] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The Indiana Supreme Court has observed that our criminal justice system has not always "adequately and properly respond[ed] to and treat[ed] those with mental health issues." *Wampler v. State*, 67 N.E.3d 633, 634 (Ind. 2017).

[9] With respect to the nature of the offense, Smith argues, "[without] minimizing the wrongfulness of the behavior," that the offenses for which he was convicted are "not the worst of these types of offenses" as defined statutorily. Appellant's

---

[1] To the extent that Smith argues the trial court abused its discretion by accepting his plea of guilty, we note that a conviction based upon a guilty plea "may not be challenged by motion to correct errors and direct appeal" and that "[t]he proper avenue for challenging one's conviction pursuant to a guilty plea is through filing a petition for post-conviction relief and presenting evidence at a post-conviction proceeding." *Hayes v. State*, 906 N.E.2d 819, 821 n.1 (Ind. 2009) (quoting *Tumulty v. State*, 666 N.E.2d 394, 395-396 (Ind. 1996)).

Brief at 17-18. He contrasts Ind. Code § 35-42-4-3(a), which provides that a "person who, with a child under fourteen (14) years of age, knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) commits child molesting, a Level 3 felony,"[2] with Ind. Code § 35-42-4-3(b), under which he was convicted of two counts of level 4 felonies and received enhanced sentences of eight years for each.[3] In his reply brief, he contends that the offenses for which he was convicted resulted in no physical injury and were committed against the same child "over a short period of time." Appellant's Reply Brief at 4. With respect to his character, Smith argues that the sentence was inappropriate given that he "was sixty nine years old, only had a seventh grade education, had suffered a traumatic brain injury, had dementia, and had no prior [criminal] record." Appellant's Brief at at 4. The State responds that Smith "showed no genuine remorse for molesting his 7-year-old niece," acknowledges that Smith has serious cognitive and functioning issues, and contends that Smith did not prove "that his cognitive

---

[2] Ind. Code § 35-31.5-2-221.5 provides that "[o]ther sexual conduct" means an act involving: "(1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-50-2-5 provides that a person who commits a level 3 felony after June 30, 2014, "shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years."

[3] Ind. Code § 35-42-4-3(b) provides in relevant part that a "person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony." Ind. Code § 35-50-2-5.5 provides that a "person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years."

problems had any influence on his decision to coerce [a] seven-year-old family member to submit to child molesting." Appellee's Brief at 12.

[10] Our review of the nature of the offenses reveals that Smith fondled the daughter of his niece twice, a couple of days apart. Our review of the character of the offender reveals that Smith pled guilty, and that the plea agreement provided for a "Blind plea sentence." Appellant's Appendix Volume II at 162. The PSI indicates that Smith has no prior criminal history and that his overall risk assessment score using the Indiana risk assessment system places him in the low risk to reoffend category. At sentencing, the court found that Smith had no history of delinquent or criminal activity and had led a law-abiding life for a substantial period before the commission of the offenses. After due consideration, we conclude that Smith's sentence is inappropriate and that the sentences of eight years with two years suspended for each count should be served concurrently. *See Wampler*, 67 N.E.3d at 634-635 (noting that Wampler was initially found incompetent to stand trial, received treatment, and was later found competent, and revising his aggregate sentence).

[11] For the foregoing reasons, we reverse Smith's sentence and remand this case to the trial court for entry of an amended sentencing order and any other necessary documents.

[12] Reversed and remanded.

Mathias, J., concurs.

May, J., dissents with opinion.

Harry Truman Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 20, 2019

Court of Appeals Case No.
18A-CR-2493

Appeal from the Clark Circuit
Court

The Honorable Andrew Adams,
Judge

Trial Court Cause No.
10C01-1510-F1-3

**May, Judge, dissenting.**

I respectfully dissent because I would not reduce Smith's sentence for two counts of Level 4 felony child molesting from sixteen years to eight years.

At sentencing, the victim's mother, who is Smith's niece and had been his caretaker until these molestations occurred, testified:

> [H]e has no remorse for what he chose to do to my seven (7) year
> old daughter. When we were in Court the last time, I heard him
> say to his attorney that it wasn't his fault. It wasn't only him.
> He was blaming my child for these acts, that she was involved,

when she is not old enough to even have knowledge of what something like that was. And also, he told her if she did not do what adults told her to do, that the devil would get her. That was what kept her afraid. He told her that, if she broke promises that she would have to go to the devil. We are still, today, trying to get her to understand that that's not true. She has nightmares. Anytime she sees someone that looks like him, she'll have a nightmare that night. I loved you, Truman, but she did not, you had no right to violate that trust that I've given you my entire life.

(Tr. Vol. II at 31.)

[15] While the record demonstrates Smith has dementia and cognitive deficits from traumatic brain injury, there is no suggestion that these memory or processing issues were responsible for Smith being unable to appreciate the heinous wrongfulness of his touching his seven-year-old great-niece's vagina on multiple occasions. Were there such evidence, I would question whether Smith should have been advised to plead guilty, but I would not question that society should be protected from Smith for at least sixteen years.

[16] As I find nothing inappropriate about Smith's sentence, I respectfully dissent.