

FILED

Feb 27 2020, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brittany Nicole Mullins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 27, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-1993 <br><br> Appeal from the Tippecanoe <br> Superior Court <br><br> The Honorable Steven Meyer, <br> Judge <br><br> Trial Court Cause Nos. <br> 79D02-1808-F4-34 <br> 79D02-1904-F2-18 |

**Pyle, Judge.**

## Statement of the Case

[1]     Brittany Mullins ("Mullins") appeals the twenty-four-and-one-half-year (24.5)

aggregate  sentence imposed after she pleaded guilty to Level 2 felony

conspiracy to commit dealing in methamphetamine[1] and two counts of Level 2 felony dealing in methamphetamine[2] in Cause Number 79D02-1904-F2-18 ("Cause Number 18") and Level 4 felony dealing in methamphetamine[3] in Cause Number 79D02-1808-F4-34 ("Cause Number 34"). She argues that the trial court abused its discretion when it: (1) ordered the sentences in the two causes to run consecutively to each other; and (2) identified the seriousness of the offense as an aggravating factor. Concluding that the trial court did not abuse its discretion, we affirm Mullins' sentence.

[2] We affirm.

## Issues

1. Whether the trial court abused its discretion when it ordered the sentences in the two causes to run consecutively to each other.

2. Whether the trial court abused its discretion when it identified the seriousness of the offense as an aggravating factor.

## Facts

[3] Twenty-two-year-old Mullins sold sixty-one (61) grams of methamphetamine to undercover agents in four controlled buys in August 2018. The State

---

[1] IND. CODE §§ 35-48-4-1.1 and 35-41-5-2.

[2] I.C. § 35-48-4-1.1

[3] *Id.*

subsequently charged her under Cause Number 18 with Level 2 felony conspiracy to commit dealing in methamphetamine; three counts of Level 2 felony dealing in methamphetamine; Level 3 felony dealing in methamphetamine; three counts of Level 4 felony possession of methamphetamine; and Level 5 felony possession of methamphetamine.

[4] One week after the last controlled buy, a Lafayette Police Department Officer stopped a van after its driver failed to signal a turn. Mullins was a passenger in the van. A search of the van revealed more than three grams of methamphetamine, scales, baggies, a marijuana pipe, syringes, and a drug transaction ledger. Mullins admitted that the items found in the vehicle belonged to her and that she was dealing the methamphetamine. The State charged Mullins in Cause Number 34 with Level 4 felony dealing in methamphetamine; Level 6 felony possession of methamphetamine; Level 6 felony unlawful possession of a syringe; and Class C felony possession of paraphernalia.

[5] In August 2019, Mullins pleaded guilty to Level 2 felony conspiracy to commit dealing in methamphetamine and two counts of Level 2 felony dealing in methamphetamine in Cause Number 18 and to Level 4 felony dealing in methamphetamine in Cause Number 34. The State dismissed the remaining counts. The plea agreement left sentencing to the trial court's discretion.

[6] At the conclusion of the combined sentencing hearing, the trial court found the following aggravating factors: (1) Mullins' criminal history, which included a

misdemeanor conviction for possession of methamphetamine, a felony conviction for possession of methamphetamine, two petitions to revoke probation, one of which was found to be true; and a pending charge for felony auto theft; (2) "the offenses occurred just within months of being released from jail on another offense;" (3) "the seriousness of the offense, the 61 grams of drugs that were dealt within a three-week period of time is very serious to this Court;" (4) prior attempts at rehabilitation had failed; and (5) the repetitive nature of her crimes as demonstrated by her prior possession and dealing convictions. (Tr. Vol. 2 at 54). The trial court specifically observed that Mullins "just was not learning her lesson[.]" (Tr. Vol. 2 at 55). Mullins' PSI also revealed an extensive drug use history that included daily use of methamphetamine and heroin for the previous four years. Mullins also admitted to engaging in prostitution and selling drugs to support her $400.00-per-day habit.

[7] At the end of the sentencing hearing, the trial court sentenced Mullins to eighteen (18) years for each of the three Level 2 felony convictions in Cause Number 18. The trial court further ordered the sentences for each felony to run concurrently to each other because they "were controlled buys." (Tr. Vol. 2 at 56). In Cause Number 34, the trial court sentenced Mullins to six and one half years for the Level 4 felony conviction. The trial court also ordered the sentence in Cause Number 34 and the sentence in Cause Number 18 to run consecutively to each other because Cause Number 34 "was a separate traffic stop in which they found a lot of meth on her at that time. It involved different

officers. It was a random stop when she was on the streets, a passenger in a car, and it was not related to a controlled buy." (Tr. Vol. 2 at 56).

[8] Mullins now appeals her sentence.

# Decision

[9] Mullins argues that the trial court abused its discretion when it: (1) ordered the sentences in the two causes to run consecutively to each other; and (2) identified the seriousness of the offense as an aggravating factor. Before addressing these issues, we set forth the standard of review for sentencing cases.

[10] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

## 1. Consecutive Sentences

[11] Mullins first argues that the trial court abused its discretion when it ordered the sentences in the two causes to run consecutively to each other. In support of her argument, Mullins directs us to *Beno v. State*, 581 N.E.2d 922 (Ind. 1991). Therein, the Indiana Supreme Court held that it was manifestly unreasonable to impose consecutive sentences for multiple drug dealing convictions where the convictions were based upon nearly identical State-sponsored sales to a police informant as part of an ongoing sting operation. *Id.* at 924.

[12] Here, the trial court acknowledged and followed *Beno* when it ordered the controlled buy convictions in Cause Number 18 to run concurrently to each other. Thereafter, the trial court acknowledged and distinguished *Beno* when it ordered the sentence in Cause Number 18 to run consecutively to the sentence in Cause Number 34. Specifically, the trial court pointed out that the conviction in Cause Number 34 resulted from a separate traffic stop that involved different officers and that it was in no way related to a controlled buy. It was a random stop when Mullins was simply a passenger in the van.

[13] We agree with the State that "the trial court followed the *Beno* holding and subsequent cases when it imposed concurrent sentences in [Cause Number 18], but it was not prevented by that precedent from ordering those convictions to run consecutively to the sentence in [Cause Number 34] for an unrelated offense." (State's Br. 13). We find no abuse of the trial court's discretion.

## 2. Aggravating Factor

[14] Mullins also argues that the trial court abused its discretion when it identified the seriousness of the offense as an aggravating factor. Specifically, the trial court explained that it took very seriously that "61 grams of drugs . . . were dealt within a three-week period of time[.]" (Tr. Vol. 2 at 54).

[15] The trial court's consideration of the total amount of drugs that Mullins sold during such a short time period is no different than the trial court considering the particularized circumstances of the factual elements as aggravating factors when evaluating the nature of the offense. *See McElroy v. State*, 865 N.E.2d 584, 589-90 (Ind. 2007) (explaining that when evaluating the nature of the offense, the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors). We find no abuse of the trial court's discretion.

[16] We further note that even if the trial court had erred in identifying this aggravating factor, we would not remand Mullins' case to the trial court for resentencing. When a trial court abuses its discretion by considering an improper aggravating circumstance, we remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[17] Here, the trial court found the following additional aggravating factors: (1) Mullins' extensive criminal history, which included a misdemeanor and a felony conviction as well as a pending felony charge; (2) the offenses occurred

within months of being released from jail on another offense; (3) prior attempts at rehabilitation had failed; and (4) the repetitive nature of her crimes as demonstrated by prior possession and dealing convictions. Mullins does not challenge the validity of these additional aggravating circumstances. In light of these additional unchallenged aggravating circumstances, we are confident that the trial court would have imposed the same sentence irrespective of its consideration of the seriousness of the offense.

[18] Affirmed.

May, J., concurs.

Crone, J., dissents with opinion.

| | |
|---|---|
| Brittany Nicole Mullins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | Court of Appeals Case No. <br> 19A-CR-1993 |

**Crone, Judge, dissenting.**

[19]   I agree with my colleagues that the imposition of consecutive sentences in this case does not constitute an abuse of discretion.  I respectfully dissent, however, because the sentence in this case is an outlier that warrants our independent review and revision pursuant to Indiana Appellate Rule 7(B).  As our supreme court stated in *Wampler v. State*, 67 N.E.3d 633 (Ind. 2017), "[e]ven where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision." *Id*. at 634 (citing Ind. Const. art 7, §§ 4, 6; *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007).  This constitutional authority is implemented through Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Thus, even when the trial

court has not abused its discretion, an Appellate Rule 7(B) analysis can result in a downward revision of the sentence. *Wampler*, 67 N.E.3d at 634.

[20] Here, the trial court imposed an aggregate sentence of twenty-four and a half years. In determining whether the nature of Mullins's offenses and her character render her sentence inappropriate, "we may look to any factors appearing in the record." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013).

[21] Turning first to the nature of the offenses, Mullins sold methamphetamine to an undercover detective in controlled buys on August 6, 13, 16, and 20, 2018. The police could have arrested her after any one of these buys. During the buys, the undercover detective met Mullins's co-conspirator. A week after the last controlled buy, in an apparently pretexual stop, the police pulled over a vehicle, in which both Mullins and her co-conspirator were passengers, for failing to signal a turn into a gas station. The cumulative amount of the methamphetamine involved in these five incidents was sixty-one grams, worth approximately $5000.

[22] As to Mullins's character, the record reveals that she has a history of childhood sexual molestation and physical abuse, early exposure to drugs and alcohol, untreated mental health issues, and longstanding substance abuse as a means of self-medication. Defendant's Ex. D. Mullins was first introduced to opiates at the age of fourteen, when she was involuntarily injected with heroin by her aunt. *Id*. After that, she began using a variety of drugs and clearly has a

significant addiction to illegal substances. Appellant's App. Vol. 2 at 125. She has been diagnosed with bipolar disorder, schizoaffective disorder, and paranoid schizophrenia. *Id.* at 119; Defendant's Ex. D. She resorted to prostitution and has been homeless since April 2018. Appellant's App. Vol. 2 at 124. She was a desperate and damaged twenty-two-year old when she committed these offenses. She expressed hopelessness that she had no way out of her situation and had hit rock bottom, and she said that she did not want that life anymore. Defendant's Ex. D. At sentencing, Mullins reiterated that she wanted to change, to participate in substance abuse rehabilitation, to learn to cope with herself, and to someday be a part of society. Tr. Vol. 2 at 43-44.

[23] The trial court sentenced Mullins to eighteen years in cause number 79D02-1904-F2-18 and to six and a half years in cause number 79D02-1808-F4-34 and ordered the sentences in the two cause numbers to be served consecutively for an aggregate term of twenty-four and a half years. Given the nonviolent nature of Mullins's offenses, the value of the drugs and relatively brief time involved, her young age, and her traumatic childhood, I believe that the twenty-four and a half-year aggregate sentence created by consecutive sentences is inappropriate. I would exercise our authority under Appellate Rule 7(B) to revise Mullins's sentences to have the sentences in the two causes to run concurrently for an aggregate term of eighteen years. Accordingly, I must dissent from my colleagues' decision to affirm Mullins's sentence.